**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 5, 2003**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60473
Summary Calendar

_____

CHEN ZHENG,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

---------------------
Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A71-984-803
-------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Chen Zheng (Zheng) has filed a petition for review of the
Board of Immigration Appeals (BIA) order denying his appeal of an
immigration judge's denial of a motion to reopen his immigration
proceedings. Zheng argues that his circumstances have changed
since his deportation order was issued in 1994 and that the
immigration judge erroneously denied relief pursuant to the
immigration regulations implementing the Convention Against
Torture.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To succeed in his motion to reopen, Zheng was required to set forth a prima facie case of his entitlement to relief. See Pritchett v. I.N.S., 993 F.2d 80, 83 (5th Cir. 1993). Zheng does not provide citations to or discuss the many applicable regulations with which he was required to comply to obtain relief pursuant to the Convention Against Torture, nor does he provide record citations that indicate that he did in fact comply with the considerable filing requirements set forth in the regulations. Zheng also does not dispute the specific reasons underlying the immigration judge's conclusion that Zheng had failed to set forth a prima facie case of his entitlement to relief. Therefore, Zheng has failed to show that the immigration judge's decision was an abuse of discretion. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

Zheng's reliance in his motion to reopen on In re X-G-W, 22 I. & N. Dec. 71 (BIA 1998) also does not warrant a reversal of the BIA decision, although the immigration judge did not specifically address the applicability of this decision to Zheng's case. In In re X-G-W the BIA announced a policy of granting untimely motions to reopen by certain applicants claiming eligibility for asylum based on coercive population control policies. Though the policy announced in In re X-G-W was subsequently reversed in In re G-C-L, 23 I. & N. Dec. 359, 359 (BIA 2002), Zheng's motion to reopen was arguably timely pursuant to In re X-G-W. However, even under the policy announced in In re X-G-W, 22 I. & N. Dec. 71 at 4, the

2

movant seeking reopening of a prior deportation proceeding had to meet certain prerequisites before reopening would be granted, and Zheng has not met those prerequisites.

Accordingly, Zheng's petition for review is DENIED.